IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI, § § § § § | | |
| Movants, § | | |
| § | | |
| v. § | | *Ancillary to* CIVIL ACTION NO. |
| § | | |
| CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC, § § § § § § § | | 4:18-CV-00442-ALM (E.D. Tex.) |
| Respondent. § | | |

## MOTION TO COMPEL CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Movants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook and Pallavi Gogoi (collectively, "NPR"), by their undersigned counsel, file this Motion and the accompanying Declaration of Laura Lee Prather ("Prather Decl.") (App. pp. 1-2) to compel Chapwood Capital Investment Management, LLC ("Chapwood") to comply with a properly served subpoena issued pursuant to Rule 45.

## I.
## FACTUAL BACKGROUND

Ed Butowsky ("Butowsky") filed suit against NPR and several of its employees in the Eastern District of Texas, asserting claims for defamation, business disparagement and civil conspiracy. *See Butowsky v. Folkenflik, et al.*, No. 4:18-CV-00442-ALM (E.D. Tex.), Second Am. Compl., Dkt. 72. For several months, NPR has sought to obtain discovery from Butowsky

regarding damages he allegedly sustained, including alleged damages to his personal and professional reputation and to Chapwood, his wealth management business. NPR's attempts to engage Butowsky in reasonable discovery to prepare its defense have been met with delay tactics and outright obstruction. *See Butowsky v. Folkenflik, et al.*, No. 4:18-CV-00442-ALM (E.D. Tex.), Mot. to Compel, Dkt. 85. To date, Butowsky has repeatedly promised but failed to produce evidence in support of his financial damages claims.

Similarly, NPR's subpoenas issued to Chapwood and its managing partner Kim Sams pursuant to Rule 45 of the Federal Rules of Civil Procedure have been met with silence. NPR has already been forced to file a motion to compel against Ms. Sams, and the motion has been assigned to Judge Kinkeade and referred to Judge Rutherford. *Folkenflik v. Sams*, 3:20-mc-00005-K. Last week, Mr. Butowsky's counsel in the underlying Eastern District of Texas action told NPR that he also represents Chapwood and requested an additional week to respond to the subpoena. NPR granted the extension, which expired January 22, 2020. Chapwood did not produce any documents or otherwise respond to the Subpoena.

As stated in Butowsky's Second Amended Complaint, Butowsky founded Chapwood, a "private wealth management advisory firm" in 2005. *Butowsky v. Folkenflik, et al.*, No. 4:18-CV-00442-ALM (E.D. Tex.), Second Am. Compl., Dkt. 72, ¶ 9. Chapwood provides "comprehensive financial counseling and investment advice to wealthy families and individuals." *Id.* Butowsky alleges that NPR's publication of certain news articles caused "the termination and loss of Chapwood's Investment Manager Service Agreement with Charles Schwab," as well as additional "loss of clients." *Id.* ¶ 11. In turn, these alleged losses purportedly resulted in $60 million in damages to Butowsky, which he seeks to recover in his lawsuit against NPR in the Eastern District of Texas.

On November 15, 2019, NPR issued a subpoena to Chapwood pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Subpoena"), seeking documents related to the damages allegedly suffered by Chapwood.  Prather Decl. at ¶ 2 (App. pp. 1-2); Ex. A (App. pp. 3-13).  A process server effected service of the Subpoena in person on November 18, 2019 at Chapwood's offices located at 4965 Preston Park Blvd., Suite 100, Plano, Texas 75093 in Collin County.  Prather Decl. ¶ 3 (App. p. 2); Ex. B (App. pp. 14-17).  According to the terms of the Subpoena, Chapwood was required to produce documents at the Dallas, Texas offices of Haynes and Boone, LLP by December 6, 2019 at 12:00 p.m.  Prather Decl. at ¶ 4 (App. p. 2); Ex. A (App. pp. 3-13).  Chapwood failed to respond to the Subpoena.  Chapwood's failure to produce documents pursuant to the Subpoena has prevented NPR from adequately preparing its defense against Butowsky's claims.

## II.
## ARGUMENT

**A.    The Subpoena is Proper and Seeks Relevant Information.**

Under Fed. R. Civ. P. 45, a party may serve a subpoena duces tecum commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in [the nonparty's] possession, custody, or control . . . ." FED. R. CIV. P. 45(a)(1)(A)(iii).  The Subpoena at issue here was properly served on Chapwood on November 18, 2019.  Prather Decl., ¶ 3 (App. p. 2); Ex. B (App. pp. 14-17).  Rule 45(b)(2) allows a party to serve a subpoena "at any place within the United States."  As shown by the Proof of Service attached to the Prather Declaration, NPR served the Subpoena at Chapwood's offices in Plano, Texas, which is clearly within the United States.  *Id.*

Furthermore, under Rule 45, "[a]t any time, on notice to the [subpoenaed nonparty], the serving party may move the court for the district where compliance is required for an order

3

compelling production or inspection." FED. R. CIV. P. 45(d)(2)(b)(i). "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.* "Rule 45(d)(2) governs a motion to enforce or compel compliance with a subpoena, and its provisions . . . provide only for 'the court for the district where compliance is required' to issue an order compelling production or inspection on a proper motion." *Paso Del Norte Motors, LP v. Kia Motors of Am., Inc.*, No. 3:15-cv-2672-M, 2015 U.S. Dist. LEXIS 109351 at *2-3, 2015 WL 4939948 (N.D. Tex. Aug. 19, 2015). The Subpoena here was issued under the authority of the United States District Court for the Eastern District of Texas, but it calls for compliance in the Northern District of Texas at Haynes and Boone's Dallas office. Accordingly, the Subpoena may be enforced by this Court.

Parties in litigation may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). The documents sought from Chapwood by the Subpoena are directly relevant to Butowsky's allegations of damages. As noted above, Butowsky alleges that NPR's conduct caused "the termination and loss of Chapwood's Investment Manager Service Agreement with Charles Schwab," as well as additional "loss of clients." *Butowsky v. Folkenflik, et al.*, No. 4:18-CV-00442-ALM (E.D. Tex.), Second Am. Compl., Dkt. 72 ¶ 11. Butowsky seeks $60 million in damages. *Id.* at p. 1. NPR's subpoena seeks documents supporting this allegation from Chapwood, and such documents are essential to both Butowsky's claims and NPR's defense.

**B.**     **Chapwood Waived Its Right to Object.**

By failing to respond to the Subpoena, Chapwood waived its right to object to it. In the Fifth Circuit, "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015). Objections to a Rule 45 subpoena to produce documents "must be served

4

before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B). "The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections." *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)).

Here, Chapwood was served with the Subpoena on November 18, 2019. Its deadline to object was December 2, 2019—14 days after the Subpoena was served. Chapwood did not timely object. Chapwood was required to produce documents at the Dallas, Texas office of Haynes and Boone, LLP on December 6, 2019 at 12:00 p.m. Chapwood failed to do so. Over a month after its deadline, Chapwood requested an additional week to respond to the Subpoena. That extension expired January 22, 2020, and Chapwood did not produce any documents. Therefore, Chapwood has waived its right to object to the Subpoena. Accordingly, this Court should compel Chapwood to produce all documents responsive to the Subpoena in its possession, custody or control.

## III.
## CONCLUSION

NPR has established it is entitled to documents responsive to the Supboena. Without any justification, excuse or response, Chapwood has failed to comply with the Subpoena, despite being given ample opportunity to do so. For the foregoing reasons, NPR respectfully requests that this Court compel Chapwood to promptly produce documents responsive to the NPR's Rule 45 Subpoena to which it is entitled.

DATED: January 24, 2020

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:  (512) 867-8400
Telecopier:  (512) 867-8470

*Attorneys for Movants*

## CERTIFICATE OF CONFERENCE

The undersigned Counsel for Movants certifies that on January 14, 2020 Movants attempted to meet and confer with Ms. Sams, Chapwood's managing partner about this motion. Ms. Sams did not respond. Movants' Counsel forwarded the attempt to meet and confer to, Steven Biss who informed Movants that he represented Chapwood. On January 15, 2020, Mr. Biss requested an additional week to provide documents and NPR agreed to this request. Chapwood did not respond within the additional week.

*/s/ Laura Lee Prather*
Laura Lee Prather

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 24, 2020, the foregoing document was emailed to Steven Biss, counsel for Chapwood, at stevenbiss@earthlink.net.

*/s/ Laura Lee Prather*
Laura Lee Prather